UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
_____ DIVISION

| | |
|---|---|
| Peggy Morton, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> Versus <br><br> MRO Corporation; CenterWell Senior Primary Care (SC), P.C., d/b/a Kindred at Home; and William Lorenze, MD, <br><br> *Defendants*. | C/A No. 4:22-cv-4643-BHH <br><br> **NOTICE FOR REMOVAL** |

PLEASE TAKE NOTICE that the Defendant MRO Corporation (hereinafter "MRO"), has this day filed in the Office of the Clerk of the United States District Court for the District of South Carolina, for the above-captioned Division, a Notice for Removal of the above-entitled action from the State Court of South Carolina in the Circuit Court for the County of Chesterfield, South Carolina, to the District Court of the United States for the District of South Carolina, for the above-captioned Division.

**I.     DESCRIPTION OF ACTION**

1.     On or about November 10, 2022, Plaintiff Peggy Morton, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), initiated this putative class action against Defendants MRO Corporation, CenterWell Senior Primary Care (SC), P.C., d/b/a Kindred at Home, and William Lorenze, MD in the Court of Common Pleas for Chesterfield County, South Carolina. MRO was purportedly served on November 22, 2022.  The Class Action Complaint (the "Complaint" or "Compl.") for this instant action is captioned *Peggy Morton, individually and on behalf of all others similarly situated v. MRO Corporation, et al.* and was filed in the Court of Common Pleas for Chesterfield County under civil action number 2022-CP-13

00839. MRO files herewith as <u>Exhibit A</u> copies of all process, pleadings and orders served upon it in this action as part of this Notice.

2. The Complaint alleges that the Defendants charged the Plaintiff and similarly situated individuals more than is permitted under South Carolina law for copies of their patient records. Plaintiff has raised several causes of action, including violations of the South Carolina Patient Records Act (S.C. Code § 44-115-80), Breach of Contract, Unjust Enrichment, and Conversion. *See* <u>Ex. A</u>. Plaintiff seeks damages including compensatory damages, punitive damages, attorneys' fees, interest and costs. Further, Plaintiff seeks injunctive relief and declaratory judgement. *See* <u>Ex. A</u>, at 14-15. MRO denies the allegations underlying Plaintiff's claims.

## II.     TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

3. MRO was purportedly served with Plaintiff's Class Action Complaint on November 22, 2022. A notice of removal must be filed within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). Notice of removal in this matter must therefore be filed by December 22, 2022. Accordingly, MRO's Notice of removal is timely.

4. This removal is filed pursuant to the Class Action Fairness Act ("CAFA"). As such, pursuant to 28 U.S.C. § 1453(b), the consent of other properly served defendants is not required. Nevertheless, MRO understands that CenterWell Senior Primary Care (SC), P.C. has been served with Plaintiff's lawsuit at this time, and MRO has obtained the consent of the Defendant, CenterWell Senior Primary Care (SC), P.C. subject to all pending motions, to the removal of this case to the United States District Court for the District of South Carolina.

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

#### A. Minimum Diversity Exists In This Action.

5. Generally, "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). However, under CAFA, a class action requires minimum, rather than complete diversity, i.e., at least one plaintiff and one defendant must be citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

6. Plaintiff is a citizen of South Carolina. *See* Ex. A, Compl. ¶ 7, Nov. 10, 2022.

7. MRO is a Pennsylvania corporation with its principal place of business located at 1000 Madison Avenue, #100, Norristown, PA 19403. A corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). Because Plaintiff is a citizen of South Carolina and MRO is a citizen of Pennsylvania, minimum diversity exists. Pursuant to CAFA, diversity jurisdiction is satisfied.

#### B. The Class Likely Exceeds 100 Individuals.

8. Removal of a class action under CAFA requires a showing that the class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).[1] Plaintiff's Complaint identifies the class as "All citizens of South Carolina who, at any time from November 10, 2019 through present, paid, were obligated to reimburse payment for, or are currently obligated to reimburse payment for, or are obligated to reimburse payment for a charge from one or more Defendants in violation of the Patient Records Act for copies of patient records that were requested from a South Carolina healthcare provider by the patient's attorney, and for which payment has not been reimbursed."

---

[1] MRO reserves all rights to challenge Plaintiff's request for class certification and related defenses thereto. The discussion contained in this Notice For Removal is not meant to operate as a waiver of MRO's right to raise such a challenge at the appropriate time.

*See* Ex. A, Compl. at ¶ 44. Plaintiff further alleges that class action treatment "will permit a large number" of similarly situated persons to prosecute their common claims." *See* Ex. A, Compl. at ¶ 51.

9. Although Plaintiff does not estimate the number of class members in his complaint, the wide scope of Plaintiff's purported class makes is likely that the class size would exceed 100 members.

10. From November 10, 2019 to November 10, 2022, MRO has fulfilled approximately 62,193 requests made by attorneys for South Carolina residents to healthcare providers located in South Carolina for copies of medical records for copies of patient records for which fees were charged. *See* Affidavit of Stan Zhukarev of MRO Corporation attached hereto as Exhibit B.

### C.     The Amount In Controversy Likely Exceeds $5,000,000.

11. Pursuant to CAFA, a class action is removal if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

12. A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Bason Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In order to determine the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading. *Owens*, 574 U.S. at 81 (quoting H.R. Rep. No. 100-889, p. 71 (1988)) (internal quotations omitted). "No anti-removal presumption attends cases invoking CAFA which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id*. at 82.

4

13. In order "[t]o determine whether the jurisdictional minimum is satisfied, the [] court looks to the aggregated value of class members' claims." *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009); *see also Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 621 n.1 (D.S.C. 2006) (noting that CAFA "confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000 ... [and] abrogates the rule against aggregating claims."). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Where the amount in controversy is challenged, courts must retain jurisdiction unless "it is a legal certainty that plaintiff's claims do not reach the required amount." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995); *see also Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (explaining that for the court to reject the proponent's assertion that amount in controversy is met, "the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim") (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)).

14. Plaintiff alleges that she was charged $247.26 and claims that all of the following charges are improper: (1) any electronic copies of patient records produced to attorneys where Defendants charged the "higher rate allowed for printed copies of patient records" (Ex. A, Compl. ¶ 31(a)); (2) any "certification fees," "retrieval fees," and "other fees not authorized by the Patient Records Act," (Compl. ¶ 31(b)); (3) charges relating to the purported "withholding" of "copies of patients' medical bills from their initial production of records" (Compl. ¶ 31(c)). Although Plaintiff's threadbare allegations make it difficult to identify with specificity what aspect of any

5

particular class of charges is being challenged, based on its best understanding of Plaintiff's claims, MRO's investigation indicates tens of thousands of requests fulfilled by MRO on behalf of healthcare providers located in South Carolina that reflect at least some charges that fall within at least one of these four categories of allegedly improper charges. *See* Ex. B, ¶ 4. Based on this data, using even just a simple multiplier of the Plaintiff's alleged overcharge by the number of potential claimants puts this component of damages alone in excess of $15 million (i.e., $247.26-$150.00=$97.26, and $97.26*62,193 = $15,377,841.18).[2]

15.   This calculation does not include any punitive damages. The Complaint requests both compensatory and "punitive damages in amount sufficient to serve as an example that deters others from engaging in similar conduct." Ex. A, Compl. at 14. The Complaint also alleges that Defendants "willfully and consistently overcharge patients' attorneys for copies of patient records by engaging in unfair and unlawful billing practices." Ex. A, Compl. ¶ 31. Alternative forms of damages such as punitive damages are properly considered in the jurisdictional analysis as well. *See, e.g., Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 735 (4th Cir. 2009) (noting that "[s]tatutory liquidated damages are properly includable in the calculation of the jurisdictional amount..."); *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) (holding that "it is well-settled that

---

[2] Although—consistent with the Fourth Circuit's approach to CAFA's amount in controversy—MRO undertakes this calculation to attempt to quantify the value of Plaintiff's allegation that MRO charges "paper" rates for delivering "electronic" copies of records, MRO vigorously disputes the premise of Plaintiff's claim (and thus MRO's calculation). Section 44-115-80 is plain on its face that the *same* per-page fees apply both to electronic and paper records; the only difference is that the maximum amount that may be charged for electronic records is less than what may be charged for paper records. Given that the per-page fees are the same for electronic and paper records, MRO surmises that Plaintiff's challenge is that MRO is charging the paper *maximum* total charge when delivering electronic records that should be subject to the lower maximum total charge. For that reason, MRO calculated Plaintiff's alleged overcharge by subtracting her total charge from the maximum total charge for electronic records listed in § 44-115-80, and calculated this category of claim by multiplying that amount by the number of requests MRO fulfilled based on Plaintiff's proposed class during the class period. But, to be clear, MRO denies that these charges are in fact overcharges or in any way improper because, notwithstanding Plaintiff's claim, the statutory maximum charges listed in § 44-115-80 are subject to upward CPI adjustments, which the South Carolina Department of Health and Environmental Control does annually in published guidance that can be found at https://scdhec.gov/sites/default/files/media/document/Annual-Adjustment-to-the-Fee-for-Search-and-Duplication-of-a-Medical-Record-2022.pdf, and to which Ciox strictly adheres.

punitive damages, which could be up to $25,000 per claimant here, factor into the amount-in-controversy calculation.") (internal quotations omitted). Although Plaintiff does not plead a specific amount of punitive damages in the Complaint—because Plaintiff is precluded from doing so by law, *see* S.C. Code Ann. § 15-32-510(B)—South Carolina permits punitive damages of up to $500,000. And the Fourth Circuit has recognized that "courts have upheld high punitive damages awards to deter misconduct undertaken for financial gain" and that "large ratios between punitive damages and compensatory damages are permissible when a defendant's willful [statutory violation] causes small amounts of compensable harm." *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 260 (4th Cir. 2017). Accordingly, Plaintiff's requested punitive damages strongly support a finding that there is more than $5,000,000 in dispute here. *See Schutte*, 28 F.4th at 856 (holding that when the plaintiff "alleges that the defendants intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees" and "seeks exemplary damages," the plaintiff has "put in controversy the exemplary damages" and "cannot avoid federal jurisdiction by trying to retreat from her own allegations.").

16.    This calculation also does not include the value of Plaintiff's and all potential class members' Declaratory Judgment Action or the injunctive relief Plaintiff and class members seeks. The Complaint seeks a declaratory judgment stating Defendants' conduct violates the Patient Records Act, and an injunction prohibiting Defendants' further purported violations of the Patient Records Act. (Ex. A, Compl. at 14-15). In addition, Plaintiff and all class members are seeking "reasonable costs and expenses incurred in this action, including attorneys' fees." (*Id.* at 14).

17. Accordingly, it is facially apparent that the amount in controversy for this class action seeking compensatory damages, punitive damages, attorneys' fees, declaratory judgment and injunctive relief against all Defendants on behalf of Plaintiff and all potential class members exceeds $5,000,000 in the aggregate.

## V.     NO EXCEPTION TO CAFA JURISDICTION APPLIES

18. The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against MRO. Among other things, within the three-year period, numerous putative class actions have been filed against MRO alleging improper charges for medical record copies, including challenging the purported practice of allegedly overcharging for electronically delivered copies of records, and charging improper "retrieval" fees. Such class actions have been filed in several states including at least Maryland, North Carolina, and even here in South Carolina, including another class action filed by Poulin, Willey, Anastopoulo asserting the same factual allegations, *see Patrick Aiken v. MRO Corporation, Jonathan Engh, MD, James McIntosh, MD and Hilary Moore Jackson, NP*, State of South Carolina, Chesterfield County, Case No.: 2022-CP-13-00839.

19. The "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply to this case because, among other things, MRO is one of the primary defendants in this action and is not a citizen of South Carolina. *See* 28 U.S.C. § 1332(d)(4)(B) (requiring that "the primary defendants" all be citizens of the State in which the action was originally filed."). Here, MRO is a primary defendant because it is "the overwhelming focus of the complaint[]…and holder of the greatest potential liability to the greatest number of plaintiffs." *Gentry v. Hyundai Motor Am., Inc.*, 2017 WL 354251, at *11 (W.D. Va. Jan. 23, 2017), *aff'd in part, dismissed in part sub nom. Adbul-*

*Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018). Importantly, the plain text of the statute makes clear that *all* of the primary defendants must be citizens of South Carolina for the "home-state controversy" exception to apply. *See* 28 U.S.C. § 1332(d)(4)(B); *see also Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (holding that "as evident from the statute's use of the phrase '*the* primary defendants' rather than '*a* primary defendant', 'the plain language of the statute requires remand only when *all* of the primary defendants are residents of the same state in which the action was originally filed.'") (cleaned up). Because MRO is not a citizen of South Carolina, the exception is inapplicable in this case. *See Anthony*, 535 F. Supp. 2d at 518; *Edoff v. T-Mobile Ne. LLC*, 2019 WL 1459046, at *3 (D. Md. Apr. 2, 2019) (denying motion for remand and rejecting the "home state exception" because "none of the defendants in this case are citizens of Maryland, the state in which the action was originally filed.").

## VI.   **NOTICE OF ADVERSE PARTIES AND THE SUPERIOR COURT**

20.     A copy of this Notice for Removal is being served on all adverse parties and filed with the Clerk of Court, Chesterfield County Courthouse, where this case was originally filed.

WHEREFORE, the Defendant, MRO Corporation, respectfully requests that this Court will consider this Notice for Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause of action from the Court of Common Pleas, Chesterfield County, to this Court; and that this Court will make such orders as may be appropriate to effect the preparation and filing of a true record of all proceedings that may have been had in the circuit court.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Phone: (843) 577-4435
        Facsimile: (843) 722-1630


**/s/ Molly H. Craig**
Molly H. Craig (6671)
molly.craig@hoodlaw.com
Virginia Rogers Floyd (12212)
virginia.floyd@hoodlaw.com

*Attorneys for the Defendant*
*MRO Corporation*

December 22, 2022
Charleston, South Carolina

## **VERIFICATION**

The undersigned attorney affirms and states:

That she is one of the attorneys for the Defendant herein and is authorized to sign this Notice of Removal for the Defendant. That she has prepared and read the foregoing Notice of Removal and the matters and things therein are true as she verily believes.


**/s/ Molly H. Craig**
Molly H. Craig (6671)
Virginia Rogers Floyd (12212)